**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0152n.06
Filed: February 26, 2007

**No. 05-2219**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

MORVEN BURNETT,                )
                               )
        Plaintiff-Appellee,    )        ON APPEAL FROM THE
                               )        UNITED STATES DISTRICT
v.                             )        COURT FOR THE EASTERN
                               )        DISTRICT OF MICHIGAN
QUEST DIAGNOSTICS, INC.,       )
                               )
        Defendant-Appellant.   )        **OPINION**
_____ )

**BEFORE:  BATCHELDER, MOORE, and BALDOCK,** [*] **Circuit Judges.**

**BALDOCK, Circuit Judge.**  Defendant appeals the district court's refusal to grant its motions for summary judgment, judgment as a matter of law, and new trial or remittitur. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

The facts of this case bear no repeating here as both parties are familiar with the evidence presented to the jury. Only a brief discussion of the procedural background is required. Plaintiff brought suit pursuant to the Elliott-Larsen Civil Rights Acts, Mich. Comp. Laws Ann. § 37.2101 (2004), alleging age discrimination. After completing discovery, Defendant filed a motion for summary judgment. The

---

[*] The Honorable Bobby R. Baldock, United States Court of Appeals for the Tenth Circuit, sitting by designation.

district court denied the motion, finding the record demonstrated there were genuine issues of material fact as to whether Defendant's reason for firing Plaintiff was pretextual. The case proceeded to a jury trial, where, after seven days of testimony, the jury found in favor of Plaintiff. The jury awarded Plaintiff $465,000 in economic damages and $35,000 in non-economic damages, totaling $500,000. Defendant filed a renewed motion for judgment as a matter of law, or in the alternative for a new trial and/or remittitur. The district court issued a written order denying the motion.

On appeal, Defendant argues Plaintiff failed to prove age discrimination using either direct or circumstantial evidence. Specifically Defendant asserts Plaintiff failed to show its proffered reason for terminating Plaintiff was pretext for actual discrimination. Second, Defendant argues the district court erred in denying a new trial or remittitur. Defendant claims it was entitled to a new trial because the verdict was against the great weight of the evidence; the amount of damages awarded to Plaintiff was excessive; the trial court erred in preventing Defendant from introducing employment listings located in the newspaper and Department of Labor statistics relating to average length of unemployment; and because the district court refused to instruct the jury on spoliation of evidence.

We review the district court's denial of a motion for judgment as a matter of law de novo. Noble v. Brinker Int'l Inc., 391 F.3d 715, 720 (6th Cir. 2004). Fed. R. Civ. P. 50(a)(1) states that "if during a trial by jury a party has been fully heard

on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue," then judgment as a matter of law for the opposing litigant is appropriate. The motion may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence. Tuck v. HCA Health Servs., 7 F.3d 465, 469 (6th Cir. 1993); Toth v. Yoder Co., 749 F.2d 1190, 1194 (6th Cir. 1984). An appeals court is not to "weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury." Toth, 749 F.2d at 1194. Instead the court views the evidence in the light most favorable to the opposing party, drawing all reasonable inferences in its favor. Bowman v. Corr. Corp. of Am., 350 F.3d 537, 544 (6th Cir. 2003).

As for Defendant's motion for new trial, we may set aside the jury's verdict and grant a new trial if "the verdict is against the clear weight of the evidence;" however, a new trial may not be granted on the grounds that the verdict was against the weight of the evidence "unless that verdict was unreasonable." Barnes v. Owens-Corning Fiberglas Corp., 201 F.3d 815, 820-821 (6th Cir. 2000) (citations omitted). "'Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.'" Id. (citations omitted).

After reviewing the record, the parties' briefs and listening to oral argument we have no quarrel with the district court's opinion and accordingly AFFIRM for

substantially the same reasons set forth in the district court's written orders dated March 9, 2004 (denying summary judgment) and August 3, 2005 (denying post-trial motions).[1]

**AFFIRMED**.

---

[1] We need not settle the parties' debate over whether Plaintiff presented direct evidence, circumstantial evidence, or both. For purposes of this appeal, we assume Plaintiff only presented circumstantial evidence and find the evidence presented adequately supports the verdict.

**KAREN NELSON MOORE, Circuit Judge, concurring.** I agree that under the applicable federal and state standards of review, the judgment of the district court should be affirmed. I would add to the reasoning of the district court's August 3, 2005 order on two issues.

First, the district court denied a request by Defendant Quest Diagnostics, Inc. ("Quest") to instruct the jury that they were free to draw an inference against Plaintiff Morven Burnett ("Burnett") because he had destroyed some documents related to his job searches. The district court refused the request because Quest's counsel did not cross-examine Burnett on this issue, but Quest argues that Burnett's testimony on direct examination warranted the instruction. I find it doubtful that Michigan law would call for such an instruction when a job seeker does not retain every particular document related to his job search, absent some showing of deliberate concealment. *See Johnson v. Austin*, 280 N.W.2d 9, 14 (Mich. 1979). Moreover, even if an instruction were appropriate, this error was not significant enough to imply that the instructions as a whole were confusing, misleading, or prejudicial. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 351 (6th Cir. 2002).

Second, the August 3, 2005 order did not address Quest's argument that the district court committed reversible error by refusing to admit 258 pages of newspaper ads for medical sales positions. I believe that the district court acted

-5-

within its discretion to conclude that the ads, like the labor statistics that were also excluded, were too ill-defined a selection to be more than marginally probative of Burnett's individual situation, given his particular job skills and the uncertain scope of his non-compete agreement with Quest, and could easily confuse the issues or be unfairly prejudicial. FED. R. EVID. 403. Additionally, the limited probative value of both the ads and statistics made any error harmless.